Cheri L. McCracken, Esq. - #06111
2402 North 24th Street
Phoenix, AZ 85008-1804
(602) 231-0595
(602) 231-0841 Fax
cherimccracken@gmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Richard L. Potts, II, a single person | Case No. |
| Plaintiff, | |
| v. | COMPLAINT |
| Western Towing of Phoenix, Inc., a foreign corporation doing business in Arizona, Roadone West, Inc., a Delaware corporation, John Does I-X, Jane Does I-X, and Black & White Corporations I-V, | (JURY TRIAL DEMAND) |
| Defendants. | |

COMES NOW the Plaintiff, by and through his undersigned attorney, and for his Complaint alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, Richard L. Potts, a single person, resides in Maricopa County, Arizona, and has at all times relevant to this Complaint.

2. Defendant Western Towing of Phoenix, Inc. is a Delaware corporation doing business in Arizona, whose principal place of business is at 7333 W. Carole Lane, Glendale, Arizona 85303 and was at all times relevant to this Complaint.

Defendant Western Towing of Phoenix, Arizona is owned by RoadOne West, inc.

3. Defendant RoadOne West, Inc. is a Delaware corporation, who owns more than 20% of Western Towing of Phoenix, Inc., with a principal place of business at 3821 Calle Fortunada, Suite A, San Diego, CA 92123 and was at all times relevant to this Complaint.

4. Defendants, John Does I-X, Jane Does I-X, and BLACK & WHITE CORPORATIONS 1-V, are fictitious names of individual(s) or legal entities not yet identified who have acted with the named Defendants either as principals, agents, or co-participants whose true names Plaintiff may insert and amend when identified.

5. The events that give rise to this cause of action occurred in the County of Maricopa, State of Arizona.

6. Jurisdiction in this Court is proper, as Plaintiff alleges claims under federal law, pursuant to Family and Medical Leave Act, 29 U.S.C. §2601 et seq.

7. Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391.

**FACTS**

8. Plaintiff hereby alleges Paragraphs 1-7 as if fully set forth herein and further incorporates by reference each and every allegation set forth in all other paragraphs of this complaint.

9. Plaintiff was employed by Western Towing of Phoenix, Inc. from July, 2009 to December 6, 2010 as a tow truck driver.

10. Plaintiff was injured on the job on August 27, 2010. He was injured when unloading a car at Sun Devil Auto. A Sun Devil Auto employee hit the front of

the tow truck causing Plaintiff's upper body and right arm to be jerked away from his body.

11. Plaintiff began receiving Workman's Compensation shortly after his accident.

12. In October, 2010, Plaintiff had a heart attack. Due to Plaintiff's heart attack, an extensive treatment plan to treat Plaintiff's injuries from the accident was postponed until his heart improved and he was off blood thinning medication.

13. Plaintiff's primary treating physician prescribed that Plaintiff could not lift more than five pounds and could not return to work as a tow truck driver until he could receive the extensive treatment. Plaintiff's doctor, Dr. John Ehteshami, stated that Plaintiff could possibly return to light duty work on November 29, 2010, after an evaluation scheduled for November 23, 2010.

14. In November, 2010, SCF Arizona, Defendants' workman's compensation insurance company, sent Plaintiff to a different doctor for a second opinion. Dr. Glen Bair gave a different diagnosis and stated that Plaintiff could return to work immediately

15. On December 6, 2010, Defendant terminated Plaintiff's employment stating that Dr. Bair had released Plaintiff to return to work and since Plaintiff had not returned to work, then he was terminated. Also, it incorrectly stated that Plaintiff's doctor had released him to return to work on November 29, 2010.

16. Defendant had never communicated with Plaintiff that he was required to return to work and he did not know the results of Dr. Bair's results until he

received a December 6, 2010 letter in the mail (copy attached as Exhibit A).

17. SCF Arizona discontinued Workman's Compensation benefits due to Dr. Bair's opinion and Plaintiff requested a hearing in dispute of the termination of his benefits.

18. On November 1, 2011, the Arizona Industrial Commission found in Plaintiff's favor and returned the worker's compensation benefits to Plaintiff. The Order stated that Plaintiff's treating physician was "more probably correct" than Dr. Bair's opinion. (copy of Order attached as Exhibit B)

19. Plaintiff was told by other employees at Defendants that the President of Western Towing was angry that Plaintiff was using Workman's Compensation and that it was costing too much money for the company.

20. Plaintiff requested leave under the Family and Medical Leave Act (FMLA) in October, 2010. He spoke to Connie Thermes, Human Resources person at Western Towing.

21. In November, 2010, Defendant denied FMLA to Plaintiff. Plaintiff was never given any paperwork to fill out for FMLA as he had requested from Ms. Thermes.

## CLAIM ONE
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
## A.R.S. §23-1021

22. Plaintiff hereby alleges Paragraphs 1-21 as if fully set forth herein and further incorporates by reference each and every allegation set forth in all other paragraphs of this complaint.

23.  Plaintiff exercised his rights under A.R.S. §23-1021 the public policy of Arizona by receiving compensation for an on the job accident.

23.  Defendant terminated Plaintiff's employment due to the exercise of those rights.

24.  This is a wrongful termination pursuant to A.R.S. §23-1501 (3)(C).

## CLAIM TWO
## RETALIATION UNDER THE FAMILY AND MEDICAL LEAVE ACT ("FMLA")

25.  Plaintiff hereby alleges Paragraphs 1-24 as if fully set forth herein and further incorporates by reference each and every allegation set forth in all other paragraphs of this complaint.

26.  Plaintiff requested leave under FMLA, 29 U.S.C. §2601 et seq., on approximately October 13, 2010.

27.  Even though Plaintiff had a doctor prepared to sign any paperwork he received from Defendants pertaining to receiving leave under the FMLA, he never received paperwork from Defendants, did not receive the requested leave but was terminated.

28.  Plaintiff would be qualified for FMLA as he had suffered a heart attack in October, 2010 and he was in an on-the-job accident in August, 2010.

28.  Under the FMLA, an employer is prohibited from denying a qualified employee leave under the Act.

29.  Under the FMLA, an employer is prohibited from terminating an employee who has requested FMLA.

30.  Plaintiff's employment was terminated on December 6, 2010  (see Exhibit A).

3.  A jury trial is requested

WHEREFORE, Plaintiff requests judgment against Defendants and each of them as follows:

4.  For front pay; back pay, benefits; emotional distress, and punitive damages;

5.  For damages under the Family and Medical Leave Act;

6.  For a trial by jury;

7.  For such other and further relief that the Court deems just and proper; and

8.  For attorney's fees and costs incurred herein.

RESPECTFULLY SUBMITTED this 2nd day of December, 2011.

Cheri L. McCracken, Esq

/s/ Cheri L. McCracken

_____
Cheri L. McCracken
2402 N. 24th Street
Phoenix, AZ 85008-1804
Attorney for Plaintiff

S:\Potts, Richard\COMPLAINT.wpd